SHAWN KHORRAMI, ESQ., SBN 180411
RABEH M. A. SOOFI, ESQ., SBN 276015
KHORRAMI, LLP
444 S. Flower St. – 33rd Floor
Los Angeles, California 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

BOBBY HARKER

    Plaintiff,

v.

STACY ZIGLER, in her individual capacity;
TIM VIRGA, in his individual capacity;
GREG ANDERSON, in his individual capacity;
LORI RODRIGUEZ, in her individual capacity;
RONDA CARTER, in her individual capacity;
and JOHN DOES 1-10

    Defendant(s)

Case No. CV13-01175-DDP (CPx)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. 42 U.S.C. §1983 – EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT
2. 42 U.S.C. §1983 – EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE / FAILURE TO PROTECT INMATE

Complaint Filed:

Trial Date: None

---

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff BOBBY HARKER (hereinafter "Harker"), by and through his attorneys, hereby files his Complaint and Demand for Jury Trial against STACY ZIGLER, an individual; TIM VIRGA, an individual; GREG ANDERSON, an individual; LORI RODRIGUEZ, an individual; RONDA CARTER, an individual; and DOES 1-100, (collectively, "Defendants"), stating as follows:

## INTRODUCTION

1. This civil rights action is brought on behalf of a former inmate of California State Prison, who was subjected to over 100 acts of rape, sexual assault, coercion, abuse, intimidation, force, and threats by a supervising female staff member during his incarceration.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws and Constitution of the United States, §1343(a)(3), and pursuant to 28 U.S.C. §§ 2201 and 2202 because an actual controversy exists within the Court's jurisdiction.

3. Venue is proper in this district because Harker is presently incarcerated at in the California state prison in Lancaster, California.

## PARTIES

4. Harker is an adult male currently incarcerated at California State Prison – Los Angeles County – Lancaster ("Lancaster Prison").

5. Defendant STACY ZIGLER, ("Zigler") was employed as the Standards Compliance Coordinator and supervisor of the Correctional Treatment Center ("CTC") at California State Prison – Sacramento during Plaintiff's incarceration there, and was purportedly acting under color of state law while forcing Plaintiff to participate in sexual misconduct. She is being sued individually for the conduct complained of herein.

6. Defendant GREG ANDERSON, ("Anderson") was the Maintenance Mechanic and staff supervisor at the CTC at California State Prison – Sacramento

- 1 -    COMPLAINT AND DEMAND FOR JURY TRIAL

during Plaintiff's incarceration and was purportedly acting under color of state law when he became aware of yet failed to properly report Defendant Zigler's misconduct as required by law. He is being sued individually for the conduct complained of herein.

7. Defendant LORI RODRIGUEZ, ("Rodriguez") was the Head Administrator of the CTC at California State Prison – Sacramento during Plaintiff's incarceration and was purportedly acting under color of state law while making decisions that detrimentally impacted Plaintiff during his incarceration by the State of California. Plaintiff is informed and believes and thereupon alleges that Defendant RODRIGUEZ possessed decision-making and supervisory authority over the assignments and discipline of Defendant Zigler. She is being sued individually for the conduct complained of herein.

8. Defendant TIM VIRGA, ("Virga") was warden at California State Prison – Sacramento during Plaintiff's incarceration and was purportedly acting under color of state law while making decisions that detrimentally impacted Plaintiff during his incarceration by the State of California. Plaintiff is informed and believes and thereupon alleges that Defendant VIRGA was responsible for the care and protection of all inmates at California State Prison – Sacramento and for the proper training and supervision of all employees. He is being sued individually for the conduct complained of herein.

9. Defendant Captain RONDA CARTER, ("Carter") was the Captain at California State Prison – Sacramento during Plaintiff's incarceration and was purportedly acting under color of state law while making decisions that detrimentally impacted Plaintiff during his incarceration by the State of California. Plaintiff is informed and believes and thereupon alleges that Defendant CARTER was responsible for the safety and protection of inmates at California State Prison – Sacramento. She is being sued individually for the conduct complained of herein.

10. Carter, Virga, Rodriguez, and the subset of John Doe Defendants that

were supervisors of Zigler and/or in charge of ensuring that all state / federal laws and regulations were being upheld and not violated by prison guards or staff are referred to herein as the "Supervisor Defendants").

11. The true names and capacities of Defendants and/or their alter egos sued herein as DOES 1 through 100, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that the Defendants sued as DOES 1 through 100, are decision-makers, supervisors, prison guards, physicians, nurses, physician assistants, officials, medical staff personnel, agents, and/or employees of California State Prison – Sacramento or CDCR who at all material times were purportedly acting under color of law and within the scope of their employment, or acting outside of their scope of employment in a manner that caused Plaintiff's injuries, described more fully herein. Plaintiff alleges that each of the Defendants named as a "Doe" was in some manner responsible for the acts or omissions alleged herein. DOES 1 through 100, inclusive, are sued under fictitious names because their true names, involvement, and capacities, whether individual, associate, corporate or governmental are not now known to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

12. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants acted in concert with each and every other defendant, intended to and did participate in the events, acts, practices, and courses of conduct alleged herein, and were a proximate cause of the damages and injuries to Plaintiff as alleged herein.

## BACKGROUND FACTS

13. Starting in February 19, 2011, Plaintiff became the victim of sexual assault and abuse from Zigler, a prison guard supervising him in California state prison, where he worked as an Environmental Services Aide.

- 3 -
COMPLAINT AND DEMAND FOR JURY TRIAL

14. Zigler forced Plaintiff to participate in sexual acts, intercourse, harassment, inappropriate battery/ touching, and other sexual abuse and assault, by force, without lawful consent ("Sexual Misconduct").

15. Zigler accomplished the Sexual Misconduct by force, threats, and intimidation of Plaintiff – threatening him with administrative segregation, longer jail sentences, the loss of privileges, his job, and the few other minor benefits he accumulated from good behavior during his incarceration.

16. Plaintiff was scheduled to transfer to a different facility at which he would not be subject to Zigler's Sexual Misconduct, but Zigler took steps to thwart this transfer.

17. Zigler also maneuvered hierarchical structures to obtain greater access to Plaintiff, such as demoting / reassigning Plaintiff's supervisors or individuals who gained knowledge of Zigler's Sexual Misconduct.

18. In July, 2011, an inmate caught Zigler having sex with Plaintiff and notified prison guard staff. Eventually, an internal investigation ensued, resulting in the termination of the Sexual Misconduct after the end of July, 2011.

19. Plaintiff was retaliated against, however, and subject to stricter rules and harsher treatment, simply for being the victim of Zigler's Sexual Misconduct.

20. A number of California State Prison – Sacramento officials, prison guards, and other prison staff knew about Zigler's Sexual Misconduct, but did nothing.

21. Plaintiff's immediate supervisor, Defendant Anderson, knew about Zigler's Sexual Misconduct with Plaintiff but failed to take steps to notify the appropriate authorities to immediately halt the unlawful behavior.

22. Defendant Rodriguez also received reports of Zigler's Sexual Misconduct with Plaintiff and similarly failed to halt the unlawful behavior or take steps to notify the appropriate authorities to halt the unlawful behavior.

23. Defendants Carter and Virga, upon information and belief, were

- 4 -  COMPLAINT AND DEMAND FOR JURY TRIAL

supervisors of Zigler and received reports about Zigler's Sexual Misconduct. They too failed to halt the unlawful conduct and failed to protect Plaintiff from Zigler's Sexual Misconduct.

24. Further, during the course of these events, Plaintiff became aware that Zigler was a repeat offender, and had harassed, abused, assaulted, and raped other inmates before. Plaintiff became aware that the California state prison system knew about Zigler's past, but did nothing.

## COUNT 1
## 42 U.S.C. §1983; VIOLATION OF EIGHTH AMENDMENT
(as to Defendant Zigler)

25. The preceding allegations are incorporated by reference as though fully set out herein.

26. <u>Color of Law.</u> At all relevant times, Zigler was purportedly acting under color of law in the performance of duties under state, county, or municipal laws, ordinances, regulations, customs, and/or usages.

27. <u>Deprivation of Right to be Free from Sexual Assault.</u> Zigler violated Plaintiff's right to be free from sexual assault while imprisoned and subjected him to cruel and unusual punishment, in violation the Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, by subjecting him to over 100 acts of sexual assault and the Sexual Misconduct (as defined above).

28. <u>Duty.</u> At all relevant times, Zigler knew she had a duty to uphold Plaintiff's right to be free from cruel and unusual punishments. Zigler had a duty to uphold Plaintiff's rights under the Prison Rape Elimination Act. 42 U.S.C. § 15601(13).

29. <u>Objectively Serious.</u> The Sexual Misconduct Zigler forced upon Plaintiff was objectively serious and posed an objectively substantial risk of serious harm to Plaintiff.

30. <u>Deliberate Indifference.</u> Zigler acted with a culpable state of mind and with deliberate indifference or reckless disregard for Plaintiff's constitutional rights, and the risk of substantial harm posed to Plaintiff.

31. <u>Causation.</u> Zigler directly and proximately caused Plaintiff severe mental distress resulting in a major depressive episode, suicidal thoughts, post traumatic stress disorder, and cutting.

32. <u>Willful/Knowing.</u> Zigler acted knowingly, willfully, and maliciously, with reckless disregard for Plaintiff's constitutional rights.

33. <u>Damages.</u> As a legal result of the aforementioned wrongful acts of Zigler, Plaintiff has suffered harsh/disparate treatment during his incarceration, severe mental distress, significant weight loss, suicidal thoughts, post traumatic stress disorder, and various other damages.

34. <u>Punitive Damages.</u> Moreover, because Zigler's conduct was malicious, oppressive, and despicable, and done in conscious disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## COUNT 2

### 42 U.S.C. §1983; VIOLATION OF EIGHTH AMENDMENT

### Deliberate Indifference / Failure to Protect Inmate

(as to Defendants Anderson, Virga, Rodriguez, Carter and DOES 1-100)

35. The preceding allegations are incorporated by reference as though fully set out herein. Anderson, Virga, Rodriguez, Carter, and any John Doe supervising and/or charged with supervising Zigler are referred to in this count as "Supervising Defendants."

36. <u>Color of Law.</u> At all relevant times, the Supervising Defendants were purportedly acting under color of law in the performance of duties under state, county, or municipal laws, ordinances, regulations, customs, and/or usages.

37. <u>Knowledge.</u> The Supervising Defendants actually knew or should have known of the Sexual Misconduct perpetuated on Plaintiff by Zigler because

they directly and indirectly received reports of the Sexual Misconduct and/or participated in the investigation of the Sexual Misconduct, but failed to halt, prevent, or abate the Sexual Misconduct.

38. <u>Deliberate Indifference to Right to be Free from Sexual Assault</u>. The Supervising Defendants violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, by failing to prevent, respond, or report the multiple acts of sexual assault Plaintiff was subjected to, despite knowledge of their occurrence.

39. <u>Supervisory Duty</u>. The Supervising Defendants had a duty to prevent prison employees, including Zigler from violating the Constitution and to uphold the zero-tolerance standard for sexual assault.
   a. The Supervising Defendants had knowledge of the potential for constitutional violations because they knew or should have known that Zigler was routinely engaging in sexual misconduct with Plaintiff, in violation of his rights.
   b. The Supervising Defendants authorized, condoned, and approved Zigler's conduct by failing to adequately act to report or prevent Zigler from engaging and continuing to engage in such acts.

40. <u>Disregard for Risk</u>. The Supervising Defendants breached their duties to Plaintiff by acting with deliberate indifference to the multiple acts of sexual assault that Plaintiff was subjected to. The Supervising Defendants knowingly disregarded the risk that the sexual assaults would continue against Plaintiff.

41. <u>Tacit Authorization</u>. The Supervising Defendants' failures to act in halting or preventing the Sexual Misconduct amounted to tacit authorization of the violative practices.

42. <u>Causation</u>. The Supervising Defendants directly and proximately

KHORRAMI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

caused Plaintiff severe mental distress resulting in a major depressive episode, significant weight loss, suicidal thoughts, post traumatic stress disorder, and various other physical and mental injuries.

43. <u>Willful/Knowing</u>. The Supervising Defendants, and each of them, acted knowingly, willfully, and maliciously, with reckless disregard and deliberate indifference for Plaintiff's constitutional rights.

44. <u>Damages</u>. As a legal result of the aforementioned wrongful acts and omissions of the Supervising Defendants, Plaintiff has been deprived his right to be free from sexual assault, causing Plaintiff severe mental distress resulting in a major depressive episode, suicidal thoughts, post traumatic stress disorder, and cutting.

45. <u>Punitive Damages</u>. Moreover, because the Supervising Defendants' conduct was malicious, oppressive, and despicable, and done in conscious disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, jointly and severally as follows:

1. For compensatory damages according to proof;
2. For punitive damages against all Defendants;
3. For reasonable attorneys' fees, expert fees, and court costs pursuant to 42 U.S.C. § 1988 for the prosecution of Plaintiff's 42 U.S.C. § 1983 claims;
4. For pre-judgment and post-judgment interest at the highest rate statutorily permissible;
5. For all other and further relief as this Court deems just and proper, including attorneys' fees and costs, where applicable.

//
//

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial to resolve all claims brought in this action.

Dated: February 15, 2013          KHORRAMI, LLP

By: _____
Rabeh M.A. Soofi
*One of the Attorneys for Plaintiff,* Bobby Harker

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## CV13- 1175 DDP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

BOBBY HARKER )
)
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No.
STACY ZIGLER, in her individual capacity; TIM VIRGA, )
in his individual capacity; GREG ANDERSON, in his ) CV13-01175-DDP(OPx)
individual capacity; LORI RODRIGUEZ, in her individual )
capacity; RONDA CARTER, in her individual capacity; )
and DOES 1-10 )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Stacy Zigler, Tim Virga, Greg Anderson, Lori Rodriguez, Ronda Carter
c/o California State Prison - Sacramento
P.O. Box 290002
Receda, CA 95671

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Rabeh M.A. Soofi, Esq.
Khorrami LLP.
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: FEB 1 9 2013                    ANDRES PEDRO
                                      *Signature of Clerk or Deputy Clerk*

1202

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                                            _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*


                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BOBBY HARKER

**DEFENDANTS**
STACY ZIGLER, in her individual capacity; TIM VIRGA, in his individual capacity; GREG ANDERSON, in his individual capacity; LORI RODRIGUEZ, in her individual capacity; RONDA CARTER, in her individual capacity; and DOES 1-10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Shawn Khorrami, Esq., SBN 180411; Rabeh M.A. Soofi, Esq., SBN 276015
Khorrami, LLP (213) 596-6000
444 S. Flower St., 33rd Floor, Los Angeles, CA 90071

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S. Civil Statute 42 U.S.C. §1983 Sexual assault of a prisoner by a prison employee and failure to protect inmate in violation of Eighth Amendment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☒ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV13-01175

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     FILE COPY     CIVIL COVER SHEET     Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [✓] No [ ] Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [✓] No [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | All Defendants reside in Sacramento County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sacramento County |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 2/15/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |