SHAWN KHORRAMI, ESQ., SBN 180411
    skhorrami@kbsslaw.com
HERMEZ MOERNO, ESQ., SBN 72009
    hmoreno@kbsslaw.com
PAYMON KHATIBI, ESQ., SBN 282651
    pkhatibi@kbsslaw.com
KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP
444 S. Flower St., 33rd Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Facsimile: (213) 596-6010

Attorneys for Plaintiff Bobby Harker

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| **BOBBY HARKER,**<br><br>          Plaintiff,<br><br>v.<br><br>**STACY ZIGLER, et al.,**<br><br>          Defendants. | 2:13-cv-01305-TLN-CKD<br><br>PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT<br><br>Date: December 5, 2013<br>Time: 2:00 p.m.<br>Ctrm: 2, 15th Floor<br>Judge: Honorable Troy L. Nunley<br>Trial Date: Not assigned<br>Action Filed: February 19, 2013 |

///
///
///
///



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING
DEFENDANTS' MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

*Page*

INTRODUCTION………………………………………………………………..…1

SUMMARY OF ALLEGATIONS……………………………………………………2

STANDARD OF REVIEW……...……………………………………………………4

ARGUMENT…………………………………………………………………………5

    I.  PLAINTIFF'S COMPLAINT STATES A CLAIM FOR RELIEF………………………………………………………………...5

        A.  The Complaint States a Deliberate Indifference Claim Against Supervising Defendants…………………………………..………5

           i.  <u>The Deprivation Presented An Objectively Substantial Risk Of Serious Harm to Plaintiff</u> …....…………………………..6

           ii.  <u>The Supervising Defendants Acted With Deliberate Indifference Because They Failed To Take Action Despite Their Knowledge Of Zigler's Sexual Misconduct</u>……………...7

        B.  Plaintiff Has Not Alleged That Supervising Defendants Are Vicariously Liable……………………………..………………………8

        C.  Plaintiff Exhausted His Administrative Remedies Therefore His Complaint Should Not Be Dismissed For Lack Of Compliance With The PLRA…………………………………………………...8

    II.  DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY…...……………………………………………………....10

        A.  Legal Standard………………………………..………………10

        B.  Defendants Violated Plaintiff's Constitutional Right………...........11

        C.  Defendants Violated Plaintiff's Clearly Established Right……......11

    III.  PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES………...…..12

CONCLUSION……………………………………………………………...14

KHORRAMI BOUCER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010



**KHORRAMI BOUCER SUMNER SANGUINETTI, LLP**
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

# TABLE OF AUTHORITIES

*Cases*                                                                                          *Page*

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)……………………………..……….5

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)……………………………………….5

*Clark v Williams*, 619 F Supp 2d 95 (Dist. Ct. Del. 2009) …………………………..9

*Clinton v. De La Cruz*, 2012 U.S. Dist. LEXIS 52380, 2012 WL 1247142 (C.D. Cal. Mar. 7, 2012)……………………………………………..……10,12

*Conley v. Gibson,* 355 U.S. 41 (1957)…..…………………………...………….5

*Davis v D.C. Dep't of Corrections*, 623 F Supp 2d 77 (Dist Col. 2009)...…....…..8

*Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005)..………….....……….4

*Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083 (9th Cir. 1998)………..……...5

*Farmer v. Brennan*, 511 U.S. 825 (1994) …………….…………...…..5, 6, 7, 11, 12

*Foman v. Davis*, 371 U.S. 178 (1962)………..…….............................………...10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) ……………………….4

*Groten v. California*, 251 F.3d 844 (9th Cir. 2001)…..…………………...….…10, 12

*Hope v. Pelzer*, 536 U.S. 730 (2002)…..……….….……………..…..………....11

*Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973)……......................……....10

*Morgan v. Morgensen*, 465 F.3d 1041 (9th Cir. 2006)...…………….…...…....5, 12

*NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986) …………….…....……..5

*Pearson v. Callahan*, 555 U.S. 223 (2009)..………………….…...…….…...…...10

*Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002)……………………...…….………9

*San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962 (9th Cir. 2005)…………………………………………………..10, 11

*Saucier v. Katz*, 533 U.S. 194 (2001)……………………………….....……10, 12

*Smith v. Wade, 461 U.S. 30 (U.S. 1983)*……………….……..………..…….12,13

*Wyshak v. City National Bank*, 607 F.2d 824 (9th Cir. 1979)………..…....……….9



| | | |
|---|---|---|
| 1 | *Statutes* | *Page* |
| 2 | Federal Rule of Civil Procedure 12(b)(6)……………………………..……...….4, 5, 9 |
| 3 | Federal Rule of Civil Procedure 15(a)…………………………….…….....……….9 |
| 4 | 42 U.S.C. § 15601(13)……………………………………………………….2, 3, 11 |
| 5 | 42 U.S.C. § 1983 ……………………………………………....…………....8, 12, 13 |
| 6 | 42 U.S.C. § 1997(e)(a) ……………………………………….....….…………..…8, 9 |



KHORRAMI BOUCER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

# **PLAINTIFF'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Bobby Harker ("Plaintiff") respectfully submits the following Memorandum of Points and Authorities in support of his Opposition to Supervising Defendants' Motion to Dismiss Complaint filed by Defendants Tim Virga, Greg Anderson, Lori Rodriguez, and Ronda Carter (collectively, the "Supervising Defendants").[1]

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **INTRODUCTION**

This is a civil rights action brought by Plaintiff Bobby Harker ("Plaintiff") who was subjected to over 100 acts of rape, sexual assault, coercion, abuse, intimidation, force, and threats by Defendant Stacy Zigler ("Zigler") while he was an inmate at California State Prison. (Compl. ¶ 1.) Defendants Tim Virga, Greg Anderson, Lori Rodriguez, and Ronda Carter (collectively, the "Supervising Defendants"), in their supervisorial capacities, each were acting under color of state law when they each became aware of, yet failed to properly report, Zigler's misconduct as required by law. (*Id.* ¶¶ 6-9.) Thus, Supervising Defendants each personally violated Plaintiff's Eight Amendment rights through their own deliberate indifference toward Zigler's sexual misconduct. (*Id.* ¶¶ 35-45.)

Supervising Defendants now seek an outright dismissal from this lawsuit despite the fact that: (a) They each personally allowed a repeat sexual offender, Zigler, to perpetrate continued sexual abuses on inmates; and (b) They each personally allowed Zigler to subject Plaintiff to over 100 acts of various sexual assaults without intervening, despite having received numerous reports that such

---

[1] The Motion to Dismiss was made only on behalf of Defendants Virga, Anderson, Rodriguez, and Carter, who are identified as "Supervising Defendants" in the Complaint, the Motion to Dismiss and in this Opposition. Defendant Stacy Zigler is not represented by the Office of the Attorney General and has filed an Answer, not a Motion to Dismiss.

1

PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

assaults were taking place.

However, Plaintiff's Complaint ("Complaint") sufficiently pleads facts alleging that the Supervising Defendants had <u>personal knowledge</u> that Plaintiff's rights were being violated by Zigler. Further, Supervising Defendants' <u>personal systemic failure to act in light of this knowledge</u> establishes that they each acted with deliberate indifference to Plaintiff's constitutional right to be free of such rampant sexual abuse. Finally, a reasonable official faced with such knowledge is held to know that allowing a prisoner to suffer **constant acts of rape violates the constitution**, especially in light of the fact that they had a duty to uphold Plaintiff's rights under the Prison Rape Elimination Act. 42 U.S.C. § 15601(13). (Compl. ¶ 28.) Thus, Supervising Defendants are each personally liable, not entitled to qualified immunity and the Motion to Dismiss must be denied.

## SUMMARY OF ALLEGATIONS

### A. COUNT I AGAINST DEFENDANT ZIGLER.

For the purposes of this motion, the allegations in Count I, which apply only to Zigler, have not been challenged by any of the Defendants.[2] However, since Zigler's repeated, egregious acts of sexual abuse are part and parcel of the environment which allowed those abuses to thrive- an environment created by each of the Supervising Defendants' deliberate indifference to Plaintiff's constitutional rights- a summary of those acts follows:

On February 19, 2011, Defendant Zigler, Plaintiff's supervisor for his job as an Environmental Services Aide, began to sexually assault and abuse Plaintiff by forcing Plaintiff "to participate in sexual acts, intercourse, harassment, inappropriate battery/touching, and other sexual abuse and assault, by force,

---

[2] Zigler has not filed a motion to dismiss. Zigler filed her Answer to the Complaint on June 10, 2013, Docket No. 20. Additionally, the instant motion is brought on behalf of the Supervising Defendants only, and challenges the Complaint as to Count II, Plaintiff's deliberate indifference and failure to protect claims.



2

PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING
DEFENDANTS' MOTION TO DISMISS COMPLAINT

without lawful consent." (Compl. ¶¶ 13-14.) Zigler's sexual misconduct was "accomplished . . . by force, threats, and intimidation of Plaintiff- threatening him with administrative segregation, longer jail sentences, the loss of privileges, his job, and the few other minor benefits he accumulated from good behavior during his incarceration." (*Id.* ¶ 15.)

Plaintiff sought a transfer to a different facility, and indeed was scheduled to be transferred, but Zigler took steps to thwart the transfer. (*Id.* ¶ 16.) Zigler was also able to manipulate hierarchical structures in order to achieve "greater access" to Plaintiff. (*Id.* ¶ 17.) Eventually, the sexual abuses halted after an inmate caught Zigler having sex with Plaintiff and notified prison guard staff in July, 2011. (*Id.* ¶ 18.) However, by that time, Zigler had subjected Plaintiff to over 100 various acts of sexual abuse. This was all done despite the fact that Zigler also had a duty to uphold Plaintiff's rights under the Prison Rape Elimination Act, 42 U.S.C. § 15601(13) ("PREA"). (*Id.* ¶28.)

### B. COUNT II AGAINST "SUPERVISING DEFENDANTS"

Count II of Plaintiff's Complaint alleges that Supervising Defendants each personally acted with deliberate indifference by "failing to prevent, respond, or report the multiple acts of sexual assault Plaintiff was subjected to, despite knowledge of their occurrence. (*Id.* ¶¶ 35, 38.) Supervising Defendants were acting under color of state law when they became aware of, yet failed to properly report, investigate, and proscribe Zigler's misconduct as required by law. (*Id.* ¶¶6-9.)

Plaintiff's immediate supervisor, Defendant Anderson, <u>personally knew</u> of Zigler's sexual misconduct with Plaintiff yet failed to properly report Zigler's misconduct as required by law. (*Id.* ¶21.) Since Plaintiff's attempts to seek a transfer were thwarted, and his immediate supervisorial personnel were interacted with by Zigler in order to achieve greater access to Plaintiff (*Id.* ¶¶16-17), the Complaint establishes Defendant Anderson's knowledge and complicity in allowing Zigler's misconduct by reasonable inference. Such action did not take

3



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING
DEFENDANTS' MOTION TO DISMISS COMPLAINT

place singlehandedly.

Further, Supervising Defendants Rodriguez, Carter and Virga <u>all received reports</u> of Zigler's sexual misconduct with Plaintiff during the time period that the abuses were taking place yet <u>they each failed</u> to take steps to notify the appropriate authorities to immediately halt the unlawful behavior. (*Id.* ¶¶ 22-23.) Zigler assaulted, abused, harassed and raped prison inmates on prior occasions, a fact which is known to the California State Prison system. (*Id.* ¶ 24.) This fact, coupled with the **actual reports of sexual misconduct** received by the Supervising Defendants further establishes each of their knowledge. Even assuming arguendo that the Supervising Defendants' knowledge has not been established on the face of the complaint, such personal knowledge is certainly established through reasonable inferences drawn from the allegations and facts contained therein.

Finally, <u>each</u> of the Supervising Defendants <u>personally failed</u> to "respond [to], or report the multiple acts of sexual assault Plaintiff was subjected to, despite [the aforementioned] <u>knowledge of their occurrence</u>" (*Id.* ¶ 38). Moreover, they <u>each failed</u> to "halt, prevent, or abate the [s]exual [m]isconduct." (*Id.* ¶ 37).

Therefore, the Supervising Defendants <u>each personally</u> violated Plaintiff's Eight Amendment rights through their <u>personal conduct</u>, <u>their deliberate indifference</u> toward the ongoing acts of rape, sexual assault, humiliation and abuse perpetrated on him by Zigler. (*Id. ¶* 35-45.)

## **STANDARD OF REVIEW**

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and draw reasonable inferences in the plaintiff's favor. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v.*

4



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING
DEFENDANTS' MOTION TO DISMISS COMPLAINT

1  *Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). A court may not dismiss a
2  complaint "unless it appears beyond doubt that the plaintiff can prove no set of
3  facts in support of his claims which would entitle him to relief." *Conley v. Gibson,*
4  *355 U.S. 41, 45-46* (1957). In considering whether the complaint is sufficient to
5  state a claim, a court will take all material allegations as true and construe them in
6  the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan* (9th Cir. 1986)
7  792 F.2d 896, 898.

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure
12(b)(6) is appropriate only when the complaint does not give a defendant fair
notice of a legally cognizable claim and the basis on which it rests. *Bell Atl. Corp.*
*v. Twombly,* 550 U.S. 544, 555 (2007). A Plaintiff must plead facts showing that a
violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
(2009) (citing *Twombly*, 550 U.S. at 555). In considering whether the complaint is
sufficient to state a claim, a court will take all material allegations as true and
construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*
(9th Cir. 1986) 792 F.2d 896, 898.

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT STATES A CLAIM FOR RELIEF.

#### A. The Complaint States a Deliberate Indifference Claim against Supervising Defendants.

The Eight Amendment's prohibition against cruel and unusual punishment protects inmates from "inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Accordingly, **the Constitution imposes a duty on prison officials** to take reasonable measures to protect inmates from serious risks to their health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (emphasis added). When a prison official acts with "deliberate indifference" to a substantial risk of serious harm to an inmate, that official violates the Eight Amendment. *Id.* At 828.

5



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING
DEFENDANTS' MOTION TO DISMISS COMPLAINT

To demonstrate an Eight Amendment violation based on deliberate indifference, a plaintiff must show (1) the deprivation presented an objectively substantial risk of harm so serious as to constitute cruel and unusual punishment; and (2) the defendant acted with the deliberate indifference- that is, the prison official subjectively knew of an excessive risk to safety and failed to respond adequately to that risk. *See id.*, 511 U.S. at 834.

> 1. <u>The Deprivation Presented An Objectively Substantial Risk Of Serious Harm to Plaintiff.</u>

By failing to act when confronted with reports of sexual abuse by Zigler, the Supervising Defendants each personally exposed Plaintiff to an objectively substantial risk of serious harm. The Supervising Defendants received reports concerning Zigler's misconduct, but failed to personally respond in an appropriate manner, or indeed do anything to protect Plaintiff. (Comp. ¶¶ 20-23.) By this inaction, the Supervising Defendants <u>each personally</u> created an objectively high risk that Plaintiff would again be sexually assaulted, raped, coerced, abused, intimidated, battered and subject to other misconduct. Furthermore, Supervising Defendants were on notice that Zigler was a <u>repeat offender</u> who had <u>previously</u> assaulted, abused, harassed and raped other inmates, without anything being done by anyone, including Supervising Defendants. (*Id.* ¶ 24.) The conduct caused Plaintiff severe mental distress resulting in a major depressive episode, suicidal thoughts, post traumatic stress disorder, and cutting. (*Id.* ¶ 31.) Supervising Defendants directly and indirectly received reports of the sexual misconduct and/or participated in the investigation of the sexual misconduct, but failed to halt, prevent, or abate the sexual misconduct (*Id.* ¶ 37) despite being aware of the serious harm such conduct caused. Additionally, Defendants had a duty to uphold Plaintiff's rights under the Prison Rape Elimination Act, 42 U.S.C. § 15601(13) ("PREA") (Compl. ¶ 28.) which clearly recognizes the serious risk of harm of the conduct alleged in Plaintiff's complaint. Therefore, the objective risk that Plaintiff

KHORRAMI BOUCER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

would be subjected to further abuse was so serious as to constitute cruel and unusual punishment.

### 2. The Supervising Defendants Acted With Deliberate Indifference Because They Failed To Take Action Despite Their Knowledge Of Zigler's Sexual Misconduct.

As stated above, the Supervising Defendants were <u>aware of Zigler's misconduct</u>, which presented an objectively substantial risk of serious harm to Plaintiff, and yet <u>each personally</u> failed to take any action and, thus, were deliberately indifferent. Furthermore, in *Farmer v. Brennan*, the Supreme Court stated that, "Whether a prison official had the requisite knowledge of a substantial risk **is a question of fact** subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842-843 (U.S. 1994) (emphasis added). This question of <u>fact</u> should <u>not</u> be decided on a motion to dismiss.

Here, Zigler had engaged in a **pattern of raping inmates**, had harassed, abused and assaulted other inmates before and the California State Prison system also knew about Zigler's past but did nothing. (Comp. ¶ 24.) Thus, even without the reports alleging abuse as to Plaintiff, the risk was already obvious. With this knowledge of Zigler's tendencies, the Supervising Defendants took no steps and no precautions to prevent harm to Plaintiff. They subjectively knew that Zigler posed a substantial risk due to her past sexual assaults and misconduct. Moreover, due to the power dynamics between a prisoner and a guard, the Supervising Defendants subjectively knew that the likelihood of any assault being reported was extremely low. In fact, in this case, Zigler used that very dynamic to threaten Plaintiff in order to both coerce him into submitting to her rapes, assaults, sexual abuse, battery/touching and other misconduct. (*Id*. ¶¶ 14-15.) Although this alone constitutes deliberate indifference, the Supervising Defendants were also



specifically aware of the fact that Plaintiff had been raped, assaulted, battered, abused and subject to other misconduct by Zigler on multiple occasions. (*Id.* ¶¶ 20-23.) In fact, all of the Supervising Defendants were made aware of the instances of sexual misconduct perpetrated by Zigler against Plaintiff. (*Id.* ¶¶ 20-23.) Yet, despite this subjective knowledge, they each failed to take any action whatsoever.

Therefore, as alleged in Plaintiff's Complaint, the Supervising Defendants, by virtue of each of their general knowledge of Zigler's past misconduct, and their personal specific knowledge of the sexual misconduct committed against Plaintiff, were personally deliberately indifferent to a substantial risk of serious harm to the Plaintiff, and failed to respond adequately to that risk.

## B. PLAINTIFF HAS NOT ALLEGED THAT SUPERVISING DEFENDANTS ARE VICARIOUSLY LIABLE.

Despite Supervising Defendants' arguments against vicarious liability in their Motion to Dismiss, Plaintiff has not alleged that Supervising Defendants are vicariously liable for Zigler's conduct. Rather, Plaintiff alleges that each Supervising Defendant is personally liable under 42 US.C. § 1983 for each of their own Constitutionally violative conduct and that, therefore, Plaintiff's Complaint states a claim for deliberate indifference as explained in Section A above.

## C. PLAINTIFF EXHAUSTED HIS ADMINISTRATIVE REMEDIES THEREFORE HIS COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF COMPLIANCE WITH THE PLRA.

Supervising Defendants' Motion to Dismiss additionally, if vaguely, attacked Plaintiff's complaint on the grounds that it should be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act 42 U.S.C. § 1997(e)(a) ("PLRA"). However, Plaintiff has exhausted all administrative remedies available to him. Plaintiff's Complaint alleges that numerous reports of Zigler's sexual misconduct were filed and sent to the

8



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

KHORRAMI BOUCER SUMNER SANGUINETTI, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, CA 90071
Phone: (213) 596-6000
Fax: (213) 596-6010

1 Supervising Defendants. (Compl. ¶¶21-24.) Plaintiff's numerous attempts to report
2 Zigler's abuses fell on deaf ears. (*Id.* ¶¶ 37-38.) An attempt at transferring
3 locations was even thwarted by Zigler, who operated with impunity under the
4 deliberate indifference of the Supervising Defendants. (*Id.* ¶ 16.) Thus, the
5 administrative process completely failed to protect Plaintiff from harm.

Although Plaintiff alleges that the sexual misconduct was reported, in *Davis v D.C. Dep't of Corrections*, 623 F Supp 2d 77, (Dist Col. 2009), the court held that a complaint alleging sexual abuse perpetrated by a prison guard was not dismissed for failure to exhaust under PLRA § 1997(e)(a), even though the prisoner had not filed a formal grievance with the prison system, because he had told staff members of the misconduct. In *Clark v Williams*, 619 F Supp 2d 95 (Dist. Ct. Del. 2009), a prisoner alleging Eighth Amendment deliberate indifference claims against prison officials for allowing continued exposure to HIV was not dismissed for failure to exhaust under PLRA § 1997(e)(a) because the prisoner filed a grievance and was told his complaint was not "grievable." (*Id.* at 100.) Thus, any further attempt to seek administrative recourse would be "futile" and not required under the PLRA. (*Id.* at 105.)

Here, Zigler's conduct was not only reported to Supervising Defendants, the reports were ineffective at addressing Plaintiff's grievances. Additionally, Plaintiff's requested transfer was thwarted. Any further requirement that Plaintiff continue to seek redress internally through the prison system would be an exercise in futility. Additionally, failure to exhaust administrative remedies <u>must be pled and proved by the defendant</u>. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (emphasis added). Therefore, raising the issue in this particular motion to dismiss under 12(b)(6) is inappropriate.

Furthermore, because Supervising Defendants were aware of Plaintiff's exhaustion of his administrative remedies, their Motion to Dismiss on this ground is without merit and should be denied. Given the facts and allegations in the

9



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING
DEFENDANTS' MOTION TO DISMISS COMPLAINT

complaint, and the reasonable inferences made therefrom, a dismissal for Plaintiff's failure to exhaust his administrative "remedies" would be an abomination of justice.

However, in the unlikely event the court should find fault in the pleadings on this issue, Plaintiff should be granted leave to amend. Federal Rule of Civil Procedure 15(a) states, in pertinent part, "The court should freely give leave [to amend] when justice so requires." In our courts' interpretation of Rule 15(a), it is clear that, in the absence of prejudice to the opposing party, leave to amend should be freely given. (See, *Wyshak v. City National Bank*, 607 F.2d 824, 826-827 (9th Cir. 1979), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Therefore, to the extent the court is inclined to dismiss any portion of the complaint, Plaintiff respectfully request that he be granted leave to amend the Complaint.

## II. DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

### A. Legal Standard.

When analyzing whether qualified immunity applies, the court must determine (1) "whether a constitutional right would have been violated on the facts alleged," and (2) "assuming a violation is established, . . . whether the right was clearly established" at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155, 150 L. Ed. 2d 272 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009); *see also Pearson*, 555 U.S. at 236 (holding that the court may determine the order of this analysis). At the motion to dismiss stage, courts have previously held that "qualified immunity is a <u>fact specific inquiry</u>" (Citation) and "...that <u>such a fact intensive determination is inappropriate at this stage of the proceedings</u>." *Clinton v. De La Cruz*, 2012 U.S. Dist. LEXIS 52380, 2012 WL 1247142 (C.D. Cal. Mar. 7, 2012), citing *Saucier v. Katz*, 533 U.S. 194, 201, 121



10

PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001))(emphasis added).

### B. Defendants Violated Plaintiff's Constitutional Right.

As stated above in Section I, the Supervising Defendants have each violated the Plaintiff's Eighth Amendment rights by acting with "deliberate indifference" to a substantial risk of serious harm to an inmate.

### C. Defendants Violated a Clearly Established Right.

The determination of whether a right is clearly established for the purpose of qualified immunity must be made on a case-specific level—"not as a broad general proposition." *Saucier*, 533 U.S. at 201; *see also San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005) (noting that "[t]his inquiry is wholly objective and is undertaken in light of the specific factual circumstances of the case"). In determining whether there is a clearly established, case-specific right, the "salient question" is whether the state of the law at the time provided "fair warning" that a defendant's conduct was unconstitutional. *See Hope v. Pelzer*, 536 U.S. 730, 740, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002). The question must focus on "what the [prison official] reasonably understood his [or her] powers and responsibilities to be, when he [or she] acted, under clearly established standards." *Saucier*, 533 U.S. at 208.

Here, the United States Supreme Court had clearly established that acting with "deliberate indifference" to a substantial risk of serious harm to an inmate constitutes a violation of that inmate's Eighth Amendment rights. *See Farmer v. Brennan*, 511 U.S. 825, 828 (U.S. 1994) When a prison official is faced with a situation in which a guard is known to be a sexual predator, that official clearly knows that some action must be taken to protect the prisoners with which said guard comes into contact in order to avoid violating the aforementioned Eighth Amendment rights. Moreover, if such officials have also received reports of abuse



11

PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

between that guard and a specific inmate, the need to take reasonable steps to protect that inmate's safety becomes even clearer.

Here, as stated above, the Supervising Defendants knew both of Zigler's past, the fact she had previously raped Plaintiff on numerous occasions, and that she was continuously subjecting Plaintiff to sexual misconduct by way of harassment, force, coercion and threats. By failing to in any way protect Plaintiff from Zigler, the Supervising Defendants each violated a clearly established right. Supervising Defendants are not entitled to qualified immunity for their constitutionally violative conduct. Additionally, Defendants had a duty to uphold Plaintiff's rights under the Prison Rape Elimination Act, 42 U.S.C. § 15601(13) ("PREA"). (*Id.* ¶28.)

Additionally, at the motion to dismiss stage, courts have previously held that "qualified immunity is a <u>fact specific inquiry</u>" (Citation) and "...that <u>such a fact intensive determination is inappropriate at this stage of the proceedings</u>." *Clinton v. De La Cruz*, 2012 U.S. Dist. LEXIS 52380, 2012 WL 1247142 (C.D. Cal. Mar. 7, 2012), citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001))(emphasis added).

### III. PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES.

Punitive damages are proper under 42 U.S.C. § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or *when it involves reckless or callous indifference to the federally protected rights of others*." *Smith v. Wade*, 461 U.S. 30 (U.S. 1983) (Emphasis added).

The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates from "inhumane conditions of confinement." *Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).* Accordingly, the Constitution imposes a duty on prison officials to take reasonable measures to protect inmates from serious risks to their health and safety. *Farmer v. Brennan, 511 U.S. 825,*

12



PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

*832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).* When a prison official acts with "deliberate indifference" to a substantial risk of serious harm to an inmate, that official violates the Eight Amendment. *Id.* At 828.

Here, based on the over 100 acts of sexual assault against Plaintiff while incarcerated at California State Prison – Sacramento (Compl. ¶ 1, 5), and the fact Supervising Defendants received reports of Zigler's sexual misconduct, there is no doubt that the Supervising Defendants knew about the incidents. (*Id.* ¶¶ 20-24, 39.) Furthermore, Plaintiff was retaliated against and subject to stricter rules and harsher treatment simply for being a victim of Zigler's sexual misconduct (*Id.* ¶ 19) which clearly was motivated by evil motive or intent.

Even assuming arguendo that the Supervising Defendants were without evil motive or intent and that they were not aware of the violations against the Plaintiff, it does not relieve them of their duty of supervision over their assigned facilities and their employees to protect the safety of the residents housed there and safeguard the inmates' rights guaranteed by the United States constitution and other applicable Federal laws. (*Id*. ¶ 39.) Even a "reckless or callous indifference to federally protected rights" of Plaintiff makes punitive damages proper under 42 U.S.C. § 1983. *Smith v. Wade,* 461 U.S. 30 (U.S. 1983).

There is no doubt that the Defendants' actions were in clear violation of Plaintiff's constitutional rights and that they exposed Plaintiff to an environment with substantial risk of serious harm (*Id.* ¶ 29, 30). Furthermore, Supervising Defendants acted with deliberate indifference to the wrongful conduct (*Id*. ¶ 38). Defendants' conduct was with evil intent or motive or, at a minimum, with a "reckless and callous indifference to the federally protected rights" of the Plaintiff and it should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages, *Smith v. Wade,* 461 U.S. 30 (U.S. 1983), to make an example of such conduct and to deter any future similar conduct.



13
PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Supervising Defendants' Motion to Dismiss his Complaint. Alternatively, Plaintiff respectfully requests that the Court grant him leave to amend his Complaint.

Respectfully submitted,

Dated: November 18, 2013 **KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP**

By: /s/ Hermez Moreno
    HERMEZ MORENO, ESQ.
    *Attorney for Plaintiff*



14
PLAINTIFF BOBBY HARKER'S OPPOSITION TO SUPERVISING DEFENDANTS' MOTION TO DISMISS COMPLAINT

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was electronically filed on this 18th day of November. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's System.

/s/ Paymon Khatibi
Paymon Khatibi
pkhatibi@kbsslaw.com
KHORRAMI BOUCHER
SUMNER SANGUINETTI, LLP
444 S. Flower Street
33rd Floor
Los Angeles, CA 90071
Tel: (213)596-6000
Fax: (213) 596-6010



1
CERTIFICATE OF SERVICE