1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   BOBBY HARKER,                                No.  13-cv-1305 TLN CKD

12                        Plaintiff,

13         v.                                     **ORDER**

14   STACY ZIGLER, et al.,

15                        Defendants.

16

17         This case is before the Court pursuant to Defendants G. Anderson, R. Carter, L.

18   Rodriguez, and T. Virga (hereinafter referred to as "Supervising Defendants") Motion to Dismiss.

19   (ECF No. 44.)  The Court has carefully considered the arguments raised in Supervising

20   Defendant's motion, Plaintiff Bobby Harker's ("Plaintiff") opposition (ECF No. 46) and

21   Supervising Defendants' reply (ECF No. 49).  For the reasons stated below, Supervising

22   Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 44)  is hereby DENIED.

23         **I.      Factual and Procedural Background**

24         Plaintiff is a prison inmate currently incarcerated at California State Prison, Los

25   Angeles County ("CSP-LAC"), located in Lancaster, California.  Plaintiff filed a civil rights

26   action on February 19, 2013, pursuant to 42 U.S.C. § 1983, alleging that Defendant S. Zigler[1]

27

---

[1]     The Office of the Attorney General represents Supervising Defendants.  Defendant Zigler is not represented
28   by the Office of the Attorney General and did not join in the filing of this motion.  Count One of Plaintiff's
     Complaint is brought solely against Defendant Zigler, while Count Two pertains solely to Supervising Defendants.

1  sexually abused and assaulted Plaintiff while he was incarcerated at California State Prison,

2  Sacramento ("SAC"), located in Represa, California.  (Compl., ECF No. 1.)  The Complaint

3  further alleges that Supervising Defendants violated Plaintiff's rights through their deliberate

4  indifference toward Defendant Zigler's sexual misconduct.[2]

5         On October 15, 2013, Supervising Defendants filed a Motion to Dismiss Plaintiff's

6  Complaint on the following grounds: (1) the Complaint fails to state a cognizable claim for relief

7  and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2)

8  Supervising Defendants are entitled to qualified immunity.  (ECF No. 44.)  Additionally,

9  Supervising Defendants move this Court to strike Plaintiff's request for punitive damages.  (ECF

10  No. 44.)

11         **II.    <u>Legal Standard</u>**

12         Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and

13  plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*,

14  556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give

15  the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell*

16  *Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified

17  notice pleading standard relies on liberal discovery rules and summary judgment motions to

18  define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema*

19  *N.A.*, 534 U.S. 506, 512 (2002).

20         On a motion to dismiss, the factual allegations of the complaint must be accepted

21  as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of

22  every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.

23  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not

24  allege "'specific facts' beyond those necessary to state his claim and the grounds showing

25  entitlement to relief."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the

26  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27

28  _____

[2]  As such, this motion does not address Plaintiff's claim against Defendant Zigler.
    Supervising Defendants are sued in their individual capacities.

1   defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.

2   544, 556 (2007)).

3          Nevertheless, a court "need not assume the truth of legal conclusions cast in the

4   form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th

5   Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

6   an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

7   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

8   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

9   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

10  statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

11  facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

12  been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

13  459 U.S. 519, 526 (1983).

14         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged

15  "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697

16  (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her]

17  claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.

18  *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands

19  more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This

20  plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its

21  judicial experience and common sense." *Id.* at 679.

22         In ruling upon a motion to dismiss, the court may consider only the complaint, any

23  exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of

24  Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

25  *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

26  1998).

27         If a complaint fails to state a plausible claim, "'[a] district court should grant leave

28  to amend even if no request to amend the pleading was made, unless it determines that the

1  pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d

2  1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir.

3  1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of

4  discretion in denying leave to amend when amendment would be futile).  Although a district court

5  should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's

6  discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended

7  its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

8  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

9       **III.    Analysis**

10      Supervising Defendants' motion raises two main arguments: (1) the Complaint

11  fails to state a cognizable claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and (2)

12  Supervising Defendants are entitled to qualified immunity. (ECF No. 44.)  Additionally,

13  Supervising Defendants assert that Plaintiff is not entitled to punitive damages.  (ECF No. 44.)

14  The Court addresses each contention in turn.

15       A.    Failure to State A Claim

16      Defendants assert that Plaintiff's Complaint does not meet the factual pleading

17  standard set forth in *Iqbal*.  More specifically, Supervising Defendants assert that Plaintiff fails to

18  allege facts in support of the complaint that Supervising Defendants had knowledge of the alleged

19  sexual abuse and thus, Plaintiff cannot meet the deliberate indifference standard required of

20  Eighth Amendment claims.[3]  (ECF No. 44 at 6.)

21      The Court has reviewed Plaintiff's Complaint and finds that although the factual

22  allegations are sparse, the facts alleged nudge Plaintiff's claims "across the line from conceivable

23  to plausible." *See Iqbal*, 556 U.S. at 680.  For example, Plaintiff alleges that "in July 2011, an

24  inmate caught [Defendant] Ziglar having sex with Plaintiff and notified prison guard staff." (ECF

25  No. 1 at ¶ 18.)  Plaintiff also alleges that this discovery resulted in an internal investigation,

26

_____

27  [3]     Because the parties have both acknowledged within their briefing that Supervisory Defendants may not be liable under § 1983 unless there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation," *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989), the Court need not address Supervisory

28  Defendants' contention that they cannot be held liable based on the doctrine of respondeat superior.

1   followed by the termination of the alleged sexual misconduct.  (ECF No. 1 at ¶ 18.)  These

2   allegations taken in the light most favorable to Plaintiff suffice to usher Plaintiff's claim within

3   the plausible requirement set forth in *Iqbal*.  *See Iqbal*, 556 U.S. at 678–79.  As such, Supervisory

4   Defendants' motion to dismiss for failure to state a claim is denied.

5                              B.        <u>Qualified Immunity</u>

6           Qualified immunity generally shields government officials performing

7   discretionary functions from liability for civil damages insofar as their conduct does not violate

8   clearly established statutory or constitutional rights of which a reasonable person would have

9   known.  *Mitchell v. Forsyth*, 472 U.S. 511, 517 (1985).  The determination as to whether qualified

10  immunity applies requires a two-step test: (1) whether facts alleged, taken in the light most

11  favorable to the injured party, show the defendants' conduct violated a constitutional right; and

12  (2) whether the right was clearly established.  *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th

13  Cir. 2012) (en banc).  Qualified immunity is a fact intensive determination.  *See Saucier v. Katz*,

14  533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S.

15  223, 236 (2009).    The cornerstone of the qualified immunity analysis is the reasonableness of the

16  official's conduct.  *See Rosenbaum v. Washoe County*, 663 F.3d 1071, 1075–76 (9th Cir. 2011)

17  ("The linchpin of qualified immunity is the reasonableness of the official's conduct.); *Anderson v.*

18  *Creighton*, 483 U.S. 635, 638–39 (1987) ("[W]hether an official protected by qualified immunity

19  may be held personally liable for an allegedly unlawful official action generally turns on the

20  objective legal reasonableness of the action, assessed in light of the legal rules that were clearly

21  established at the time it was taken." (internal quotation marks and citations omitted)).  Thus,

22  although qualified immunity should be decided at the earliest opportunity, the relevant facts must

23  be ascertainable by the Court so that it may examine the reasonableness of the state officials'

24  behavior.  *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001); *Clinton v. De La Cruz*,

25  No. CV 08-4181-DOC OP, 2012 WL 1247142, at *7 (C.D. Cal. Mar. 7, 2012).

26          Because there has been no discovery in this matter, the Court is unable to

27  determine the reasonableness of Supervisory Defendants' actions at this time.  The Ninth Circuit

28  has held that unless a court can determine on the complaint alone that a 12(b)(6) dismissal based

on qualified immunity applies, it should refrain from making such a determination prior to discovery. *See Groten*, 251 F.3d at 851 (9th Cir. 2001); *Jensen v. City of Oxnard*, 145 F.3d 1078, 1086 (9th Cir. 1988). Thus, the Court declines to address Supervisory Defendants' qualified immunity argument at this time, but invites Supervisory Defendants to re-raise this issue once the appropriate factual basis for their argument may be ascertained.

C.   Punitive Damages

Supervising Defendants move this Court to strike Plaintiff's claim for punitive damages. (ECF No. 44.) Supervising Defendants assert that Plaintiff cannot show evil motive, evil intent, or reckless and callous indifference to a federally protected right, which is required to recover punitive damages. (ECF No. 44 at 11.)

For the reason stated above concerning Supervising Defendants' qualified immunity claim, the Court declines Defendants' invitation to evaluate the appropriateness of punitive damages at this time. The Court is required to review the allegations in the light most favorable to Plaintiff and thus cannot at this juncture find that Plaintiff is foreclosed from showing the requisite intent. As such, Supervising Defendants' motion to strike is DENIED. However, Supervising Defendants are not barred from bringing future motions concerning the appropriateness of punitive damages, once the relevant facts supporting their assertions are ascertainable to the Court.

## IV.   Conclusion

For the foregoing reasons, Supervisory Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 44) is hereby DENIED.

IT IS SO ORDERED.

Dated: March 21, 2014

Troy L. Nunley
United States District Judge